

SEALED

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY -6 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § |
| | §    **[Filed Under Seal]** |
| GREGORY KEITH RAND (1) | § |
| WILLIAM NICHOLAS RAND (2) | § |
| MARK ALBERT RAND (3) | § **3-09 CR 120-P** |
| WILLIAM ANTHONY RAND (4) | § |
| JOEL WILLIAM PETERSEN (5) | § |

## INDICTMENT

The Grand Jury Charges:

### Introduction

1.   During the period covered by this Indictment:

   (a)   Aspen Exploration, Inc., also known as Aspen, a Texas corporation doing

   business from its principal location at 2901 Dallas Parkway, Suite 380,

   Plano, Texas, and through bank accounts and agents in the Northern District

   of Texas, was the managing partner of oil and gas well programs offered

   and sold to investors located throughout the United States and elsewhere;

   (b)   The Rancho Blanco Corporation State Unit No. 1, also known as the

   Rancho Blanco lease, was an oil and gas lease in Jim Hogg and Zapata

   Counties, Texas, in which Aspen owned or had an option to acquire an

   interest in oil and gas wells;

Indictment - Page 1

(c)  The Aspen Exploration, Inc.-Rancho Blanco State #6 Joint Venture (RB6) was an investment program managed and sold by Aspen to investors to acquire up to 97.5% working interest and 65.525% net revenue interest in the RB6 well to be drilled, tested, and completed by Aspen at a fixed price to investors;

(d)  The Aspen Exploration, Inc.-Rancho Blanco State #7 Joint Venture (RB7) was an investment program managed and sold by Aspen to investors to acquire up to 97.5% working interest and 65.525% net revenue interest in the RB7 well to be drilled, tested, and completed by Aspen at a fixed price to investors;

(e)  Defendant **Gregory Keith Rand**, also known as **Greg Rand**, was an officer and director of Aspen residing in the Northern District of Texas;

(f)  Defendant **William Nicholas Rand**, also known as **Bill Rand** and brother of defendant **Greg Rand**, was an officer and director of Aspen residing in the Northern District of Texas;

(g)  Defendant **Mark Albert Rand**, also known as **Mark Rand** and brother of defendants **Greg Rand** and **Bill Rand**, was an officer and director of Aspen;

(h)     Defendant **William Anthony Rand**, also known as **Tony Rand** and father

of defendants **Greg Rand**, **Bill Rand**, and **Mark Rand**, was the chief

financial officer and bookkeeper for Aspen; and,

(j)     Defendant **Joel William Petersen** was a vice president and salesman for

Aspen.

## Count One
Conspiracy to Commit Securities Fraud, Mail Fraud, Wire Fraud,
(18 U.S.C. § 371 [15 U.S.C. §§ 77q(a) and 77x, 18 U.S.C. §§ 1341 and 1343])

1.      The Grand Jury re-alleges and incorporates the Introduction of this Indictment as if fully set forth herein.

2.      Beginning at least as early as December 1, 2005, and continuing thereafter until the present, the exact dates being unknown to the Grand Jury, in the Dallas Division of the Northern District of Texas and elsewhere, defendants, **Gregory Keith Rand**, **William Nicholas Rand**, **Mark Albert Rand**, **William Anthony Rand**, and **Joel William Petersen**, did knowingly and willfully combine, conspire, confederate and agree with each other and with other persons, both known and unknown to the Grand Jury, to commit the following offenses against the United States, to wit: Securities Fraud in violation of 15 U.S.C. §§ 77q[a] and 77x, Mail Fraud in violation of 18 U.S.C. § 1341, and Wire Fraud in violation of 18 U.S.C. § 1343.

Manner and Means of the Conspiracy and the Joint Scheme and Artifice to Defraud

3.      It was the purpose of conspiracy and joint scheme and artifice to defraud to obtain money from investors, who were induced to purchase investment contracts and units representing fractional undivided interests in oil, gas, or other mineral rights in the form of working interests (WI) and net revenue interests (NRI) in the RB6 and RB7 wells, by means of false and fraudulent pretenses, representations, and promises and omissions of material fact.

Indictment - Page 4

4.      It was further part of the aforesaid joint scheme and artifice that defendants misapplied and converted RB6 and RB7 investor funds from their intended purpose of drilling their respective wells to the defendants' own use and the use of others, including to purchase real and personal property, to finance personal expenditures, and to finance the drilling, completion, and operation of unrelated wells.

5.      It was part of the aforesaid conspiracy and joint scheme and artifice that the defendants, aided and abetted by each other and others, directly and indirectly:

(a)     Prepared and sent envelopes containing solicitation materials and investment documents from Aspen through the United States mails and interstate carriers, through facilities located in the Northern District of Texas, to investors to induce them to invest money and to purchase the following, to wit:

(i)     265 units in RB6, each representing 0.279887% WI (0.00279887 WI) and 0.183547% NRI (0.00183547 NRI) in the RB6 well at a cost of $106,358.00 per unit for a total offering price of $28,184,870.00; and

(ii)    265 units in RB7, each representing 0.279887% WI (0.00279887 WI) and 0.183547% NRI (0.00183547 NRI) in the RB7 well at a cost of $106,358.00 per unit for a total offering price of $28,184,870.00;

(b)      Made and received telephone calls through interstate wire facilities to solicit investors to invest in RB6 and RB7 and to discuss their investments;

(c)      Caused investors to send envelopes containing RB6 and RB7 investment funds and documents to Aspen through the United States mails, interstate carriers, and interstate wire facilities in and through the Northern District of Texas;

(d)      Deposited investor funds into financial institutions, including Plains Capital Bank and Comerica Bank, through facilities located in the Northern District of Texas;

(e)      Solicited additional investor funds in connection with the purported sale of the Rancho Blanco Lease through the United States mails, interstate carriers, and interstate wire facilities in and through the Northern District of Texas;

(f)      Sent correspondence through the United States mails, interstate carriers, and interstate wire facilities to lull investors and to cause them not to investigate the status of their investment and not to complain to authorities; and

(g)      Filed suit in the Northern District of Texas against investors who attempted to investigate the status of their investments and exercise managerial rights.

6.      It was further part of the aforesaid conspiracy and joint scheme and artifice to defraud that defendants, aided and abetted by each other and others, knowingly made

and caused to be made false and fraudulent representations, pretenses, and promises to
RB6 and RB7 investors, including the following:

    (a)    Their investment funds would be used to drill, test, and complete the RB7
well;

    (b)    Aspen would pay the cost to drill, test, and complete their respective well at
no additional cost to investors;

    (c)    Their investment funds would not be commingled with other funds, except
to pay the cost to drill, test, and complete the RB7 well;

    (d)    Aspen would receive a management fee of the difference between the
amount of money raised and the actual cost to drill, test, and complete the
RB7 well;

    (e)    Aspen was not the subject of any material legal proceedings, and none were
anticipated;

    (f)    Investors would have significant managerial rights in a joint venture;

    (g)    An agreement to sell the Rancho Blanco lease had been completely
negotiated and would result in imminent profits equal to several times the
amount of money invested, including additional investments if immediately
made; and

(h)     Aspen would hold the additional investment funds in an escrow account pending the closing of sale of the Rancho Blanco lease, and these funds were refundable upon request.

7.     It was further part of the aforesaid conspiracy and joint scheme and artifice to defraud that defendants, aided and abetted by each other and others, in making representations to RB6 and RB7 investors and causing such representations to be made, knowingly omitted and failed to disclose material facts, including the following:

(a)     Aspen was insolvent and relied upon investor funds to operate;

(b)     Aspen had commingled and diverted funds from investors in prior investment programs;

(c)     Aspen had failed to pay the cost to drill, test, and complete other wells previously sold to investors;

(d)     Investors had not received and would not receive reports regarding (i) the status of their investment funds, (ii) costs incurred drilling their program well, and (iii) transactions between their respective program and Aspen and its affiliates, and earlier investors had sued Aspen for fraud and for an accounting;

(e)     Vendors had filed liens and litigation against Aspen and wells previously sold to investors;

(f)     Aspen had been forced into involuntary bankruptcy in 2004;

(g)    Defendants **Greg Rand**, **Bill Rand**, and **Mark Rand** had significant

personal tax liabilities;

(h)    Aspen's chief financial officer **Tony Rand** had been convicted of Bank

Fraud, Money Laundering, and Interstate Transportation of Securities taken

by Fraud; and

(i)    Aspen had commingled, misapplied, and diverted RB7 investor funds to

pay  litigation costs, expenses related to other wells, and to benefit

defendants and others.

8.    It was further part of the aforesaid joint scheme and artifice that defendants

**Greg Rand**, **Bill Rand**, **Mark Rand**, **Tony Rand**, and **Joel Peterson**, aided and abetted

by each other and others, used the United States mails, interstate telephone services, and

interstate courier services in executing and carrying out the aforesaid joint scheme and

artifice.

<u>Overt Acts</u>

9.    In furtherance of the conspiracy and joint scheme and artifice to defraud

and in order to effect the objects thereof, the defendants and their co-conspirators

committed and caused to be committed the following overt acts, among others, in the

Northern District of Texas, and elsewhere:

(a)     Defendants **Greg Rand**, **Bill Rand** and **Mark Rand** opened bank accounts at Plains Capital Bank and Comerica Bank, financial institutions in the Northern District of Texas, to receive investor funds;

(b)     On or about June 13, 2006, defendants **Greg Rand**, **Bill Rand**, and **Joel Petersen**, formed Golf Pipe and Supply Co., Inc., a Texas corporation with its registered office at 600 N. Pearl Street, Suite S2270, LB 146, Dallas, Texas, and opened corporate bank accounts at Plains Capital Bank;

(c)     Defendants **Greg Rand**, **Mark Rand**, and **Tony Rand**, solicited investor JW to invest from November 2005, through July 2006, by each providing assurances of Aspen's corporate guarantee regarding his investments;

(d)     On or about September 14, 2006, defendant **Greg Rand** traveled to Moline, Illinois, to solicit investments from a approximately 16 investors;

(e)     On or about February 13, 2008, defendant **Greg Rand** informed investor PY during an interstate telephone call that disgruntled investors KS and LK had received a refund of their investment funds;

(f)     On or about April 8, 2008, defendant **Bill Rand** emailed investor EH regarding his investment in RB7;

(g)     On or about April 15, 2008, defendant **Joel Petersen** solicited investment funds from investor JV by indicating that Aspen had no outstanding legal issues that would affect his investment;

(h)    On or about June 19, 2008, defendants **Greg Rand**, **Bill Rand**, and **Mark Rand** caused a lawsuit to be filed against investors in Dallas County, Texas; and,

(i)    On or about March 12, 2009, defendants **Greg Rand**, **Bill Rand** and **Mark Rand** sent correspondence to investors regarding Aspen's involuntary bankruptcy attempting to dissuade investors from filing claims.

10.    The Grand Jury re-alleges and incorporates herein the allegations set forth in Counts Two through Thirty-Seven as additional overt acts in furtherance of the conspiracy and joint artifice and scheme to defraud.

In violation of 18 U.S.C. § 371 (15 U.S.C. §§ 77q[a] and 77x, 18 U.S.C. §§ 1341 and 1343).

<u>Count Two</u>
Securities Fraud
(15 U.S.C. §§ 77q[a] and 77x; 18 U.S.C. § 2)

1.     The Grand Jury hereby adopts, realleges, and incorporates by reference herein, the allegations set forth in the Introduction and Count One of this Indictment.

2.     From in or about July 2006, and continuing through the present, through facilities located in the Northern District of Texas and elsewhere, defendants, **Gregory Keith Rand, William Nicholas Rand, Mark Albert Rand, William Anthony Rand, and Joel William Petersen**, aided and abetted by each other and by others, knowingly and willfully, in connection with the offer and sale of securities, to wit: investment contracts and units representing fractional undivided interests in oil, gas, or other mineral rights, namely working interest (WI) in the RB7 program, by the use of transportation and communication in interstate commerce, and by the use of the mails, directly and indirectly, employed the aforesaid joint scheme and artifice to defraud, obtained money by means of untrue statements of material facts and the omission of material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and engaged in transactions, practices, and a course of business which operated as a fraud and deceit upon the investors and purchasers in the program.

In violation of 15 U.S.C. §§ 77q(a) and 77x, and 18 U.S.C. § 2.

<u>Counts Three through Eleven</u>
Mail Fraud
(18 U.S.C. §§ 1341, 2326, and 2)

1.    The Grand Jury hereby adopts, realleges, and incorporates by reference herein, the allegations set forth in the Introduction and Count One of this Indictment.

2.    On or about the dates indicated below, the exact dates being unknown to the Grand Jury, in the Northern District of Texas and elsewhere, defendants, **Gregory Keith Rand**, **William Nicholas Rand**, **Mark Albert Rand**, **William Anthony Rand**, and **Joel William Petersen**, aided and abetted by each other and others, for the purpose of executing and carrying on the aforesaid joint scheme and artifice, and attempting to do so, did knowingly cause the United States Postal Service and Federal Express, an interstate carrier, to deliver an envelope, by and through facilities located in the Northern District of Texas, according to the directions thereon, addressed to Aspen, in Plano, Texas, from the investors as indicated by their initials below, located in a state other than the State of Texas, containing investment funds and documents for the RB7 program and for the purported sale of the Rancho Blanco lease, victimizing ten or more persons over the age of 55, each such use of the mails and interstate carriers constituting a separate count of this Indictment.

| <u>Count</u> | <u>Date</u> | <u>Method</u> | <u>Investor</u> | <u>Amount</u> |
|---|---|---|---|---|
| 3 | 07/07/06 | Federal Express | RW<br>Colorado Springs, CO | $124,472.00 |

| Count | Date | Method | Investor | Amount |
|---|---|---|---|---|
| 4 | 07/14/06 | Federal Express | JV Westminister, CO | $16,034.00 |
| 5 | 07/21/06 | Federal Express | RR Laguna Niguel, CA | $150,000.00 |
| 6 | 08/01/06 | Federal Express | EH Lighthouse Point, FL | $32,067.50 |
| 7 | 08/14/06 | Federal Express | LM Mineral, VA | $16,034.00 |
| 8 | 09/13/06 | Federal Express | RW Newark, DE | $32,068.00 |
| 9 | 10/13/06 | Federal Express | KS Dixon, IL | $30,000.00 |
| 10 | 11/20/06 | Federal Express | LK Janesville, WI | $479,940.00 |
| 11 | 01/09/07 | Federal Express | SG Ormond Beach ,FL | $12,000.00 |

In violation of 18 U.S.C §§ 1341, 2326, and 2.

<u>Count Twelve</u>
Mail Fraud
Aiding and Abetting
(18 U.S.C. §§ 1341 and 2)

1.      The Grand Jury hereby adopts, realleges, and incorporates by reference

herein, the allegations set forth in the Introduction and Count One of this Indictment.

2.      On or about February 6, 2007, in the Northern District of Texas and

elsewhere, defendant, **Gregory Keith Rand**, aided and abetted by defendants, **William**

**Nicholas Rand**, **Mark Albert Rand**, **William Anthony Rand**, and **Joel William**

**Petersen**, and others, for the purpose of carrying on the aforesaid joint scheme and

artifice, and attempting to do so, did knowingly cause the United States Postal Service

and Federal Express, an interstate carrier, to deliver an envelope, by and through facilities

located in the Northern District of Texas, according to the directions thereon, addressed to

investor KS in the City of Dixon, in the State of Illinois, a law firm, in the City of Dallas,

in the State of Texas, containing a check purporting to be the return of investment funds,

knowing payment on the check had been stopped and would not clear Aspen's account.

In violation of Title 18, U.S.C. §§ 1341 and 2.

Count Thirteen through Twenty-Five
Wire Fraud
(18 U.S.C. §§ 1343 and 2)

1.    The Grand Jury hereby adopts, realleges, and incorporates by reference herein, the allegations set forth in the Introduction and Count One of this Indictment.

2.    On or about the dates indicated below, the exact dates being unknown to the Grand Jury, in the Northern District of Texas and elsewhere, defendants, **Gregory Keith Rand**, **William Nicholas Rand**, **Mark Albert Rand**, **William Anthony Rand**, and **Joel William Petersen**, aided and abetted by each other and others, for the purpose of carrying on the aforesaid joint scheme and artifice and attempting to do so, did knowingly cause to be transmitted in interstate commerce, by means of wire and radio communications, certain writings, signs, signals, and sounds constituting a wire transfer of funds and money in and through the Northern District of Texas, from and on behalf of the investors as indicated by their initials below, to Aspen's accounts at Plains Capital Bank, to invest in the RB7 program, each such use of interstate commerce constituting a separate count of this Indictment.

| Count | Date | Investor/location | Amount |
|-------|------|-------------------|--------|
| 13 | 06/14/06 | RW<br>Newark DE | $32,000.00 |
| 14 | 07/06/06 | JW<br>Belvidere, IL and<br>Longboat Key, FL | $1,230,000.00 |

| Count | Date | Investor/location | Amount |
|-------|------|-------------------|--------|
| 15 | 07/20/06 | RW<br>Colorado Springs, CO | $700,000.00 |
| 16 | 07/24/06 | JJ<br>Costa Mesa, CA | $570,000.00 |
| 17 | 07/25/06 | JE<br>Lakewood, CA | $350,000.00 |
| 18 | 09/20/06 | PK<br>Janesville, WI | $300,000.00 |
| 19 | 10/13/06 | LK<br>Janesville, WI | $57,588.75 |
| 20 | 11/30/06 | LK<br>Lawrenceville, NJ | $223,000.00 |
| 21 | 11/30/06 | LK<br>Lawrenceville, NJ | $230,000.00 |
| 22 | 11/27/06 | PY<br>Morrison, IL | $500,000.00 |
| 23 | 12/06/06 | EY<br>Boca Raton, FL | $32,068.00 |
| 24 | 12/06/06 | KH<br>Boca Raton, FL | $32,068.00 |
| 25 | 12/18/06 | PK<br>Janesville, WI | $400,000.00 |

In violation of Title 18, U.S.C. §§ 1341 and 2.

Counts Twenty-Six through Thirty-Three
Money Laundering
(18 U.S.C. §§1956(a)(1)(B)(i) and 2)

1.      The Grand Jury hereby adopts, realleges, and incorporates by reference

herein, the allegations set forth in the Introduction and Count One of this Indictment.

2.      On or about the dates indicated below, the exact dates being unknown to the

Grand Jury, in the Northern District of Texas and elsewhere, defendants, **Gregory Keith**

**Rand, William Nicholas Rand, Mark Albert Rand, William Anthony Rand,** and **Joel**

**William Petersen,** aided and abetted by each other, for the purpose of carrying on the

aforesaid joint scheme and artifice, and attempting to do so, did knowingly conduct a

financial transaction affecting interstate commerce, involving a monetary instrument as

described below, by and through a financial institution, Plains Capital Bank, Lubbock,

Texas, containing RB7 investment funds, which involved the proceeds of a specified

unlawful activity, that is securities fraud, mail fraud, and wire fraud in violation of 15

U.S.C. §§ 77q(a) and 77x, and 18 U.S.C. §§1341 and 1343, respectively, the substance of

which is more particularly set forth in the Introduction and Counts Two through Twenty-

Five of this Indictment, which are realleged and incorporated by reference herein,

knowing that such transaction was designed in whole or in part to conceal and disguise

the nature, location, source, ownership, and control of the funds believed to be the

proceeds of the specified unlawful activity, and while conducting such financial

transaction, knew that the property involved in the financial transaction represented the

proceeds of some form of unlawful activity, each such transaction constituting a separate count of this Indictment.

| Count | Date | Transaction | Amount |
|---|---|---|---|
| 26 | 07/14/06 | Wire Transfer to P. R. D. & G., PC and T. D. T. | $46,436.65 |
| 27 | 07/31/06 | Check No. 54717 To FMCT | $157,943.28 |
| 28 | 08/03/06 | Check No. 54767 To United States Treasury | $180,000.00 |
| 29 | 08/03/06 | Wire Transfer To Wave Energy, Inc. | $225,000.00 |
| 30 | 09/08/06 | Check No. 54985 To American Express | $126,714.51 |
| 31 | 09/25/06 | Wire Transfer To N. D. F. LLC | $100,000.00 |
| 32 | 10/13/06 | Wire Transfer To N. W. S. | $200,000.00 |
| 33 | 12/18/06 | Transfer of Funds To Golf Pipe & Supply Co., Inc. | $310,000.00 |

In violation of Title 18, U.S.C. §§ 1956(a)(1)(B)(i) and 2.

<u>Counts Thirty-Four through Thirty-Seven</u>
Engaging in Illegal Monetary Transactions
(18 U.S.C. §§1957 and 2)

1.       The Grand Jury hereby adopts, realleges, and incorporates by reference herein, the allegations set forth in the Introduction and Count One of this Indictment.

2.       On or about the dates indicated below, the exact dates being unknown to the Grand Jury, in the Northern District of Texas and elsewhere, defendants, **Gregory Keith Rand**, **William Nicholas Rand**, and **Mark Albert Rand**, as indicated below, aided and abetted by each other and by defendant **William Anthony Rand**, for the purpose of carrying on the aforesaid joint scheme and artifice, and attempting to do so, did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce, as more fully described below, in criminally derived property of a value greater than $10,000.00 that was derived from a specified unlawful activity, that is securities fraud, mail fraud and wire fraud, in violation of 15 U.S.C. §§ 77q(a) and 77x, and 18 U.S.C. §§1341 and 1343 , respectively, the substance of which is more particularly set forth in the Introduction and in Counts Two through Twenty-Five of this Indictment, which are realleged and incorporated by reference herein, in that the defendant indicated below, knowingly engaged in the monetary transaction indicated below, by and through a financial institution, Plains Capital Bank, Lubbock, Texas, knowing that the funds represented the proceeds of some form of unlawful activity, each such transaction constituting a separate count of this Indictment.

| Count | Date | Defendant | Transaction | Amount |
|-------|------|-----------|-------------|--------|
| 34 | 07/28/06 | **Mark Albert Rand** | Official Check No. 992513116 to S.M. | $60,000.00 |
| 35 | 08/14/06 | **Gregory Keith Rand** | Wire transfer to S. F. | $400,000.00 |
| 36 | 09/25/06 | **Gregory Keith Rand** | Cashier's Check No. 244714626 To R. G. | $27,657.86 |
| 37 | 11/28/06 | **William Nicholas Rand** | Cashier's Check No. 244714734 to H. F. Title Company | $1,013,000.00 |

In violation of 18 U.S.C §§ 1957 and 2.

Count Thirty-Eight
Forfeiture Allegation
[18 U.S.C. §981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A);
18 U.S.C. § 982(a)(8); 18 U.S.C. § 982(a)(1)]

Upon conviction of any of the offenses alleged in Counts One through Twenty-Five

of this Indictment and pursuant to 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C.

§ 2461(c) or 18 U.S.C. § 982(a)(2)(A), the defendants, **Gregory Keith Rand, William**

**Nicholas Rand, Mark Albert Rand, William Anthony Rand**, and **Joel William**

**Petersen**, shall forfeit to the United States of America all property constituting or derived

from proceeds traceable to the respective offense or all property constituting or derived

from proceeds obtained directly or indirectly as a result of the respective offense. .

Upon conviction of any of the offenses alleged in Counts Twenty-Six through Thirty-

Three of this Indictment and pursuant to 18 U.S.C. § 982(a)(1), the defendants, **Gregory**

**Keith Rand, William Nicholas Rand, Mark Albert Rand, William Anthony Rand**, and

**Joel William Petersen**, shall forfeit to the United States of America all property involved

in, or traceable to property involved in, the respective offense.

Upon conviction of any of the offenses alleged in Counts Thirty-Four through

Thirty-Seven of this Indictment and pursuant to 18 U.S.C. § 982(a)(1), the defendants,

**Gregory Keith Rand, William Nicholas Rand, Mark Albert Rand**, and **William**

**Anthony Rand**, shall forfeit to the United States of America all property involved in, or

traceable to property involved in, the respective offense.

The above-referenced property subject to forfeiture concerning the previously-mentioned defendants includes, but is not limited to, the following:

1.  A "money judgment" in the amount of U.S. currency constituting the proceeds traceable to each respective offenses alleged in Counts One through Twenty-Five.

    [sought from all defendants]

2.  A "money judgment" in the amount of U.S. currency involved in each respective offense alleged in Counts Twenty-Six through Thirty-Seven.

    [sought from all defendants]

3.  The 2006 Sunseeker Predator boat, hull no. XSK03167F506, purchased from Sunseeker Florida by **Gregory Keith Rand** in or around August 2006, including the 2006 M.A.N. D2842-LE409 1500 horsepower engine and all assorted property located aboard and included as options in Rand's purchase.

    [sought from **Gregory Keith Rand**]

4.  The real property located at 10134 Waller Drive, Dallas, Dallas County, Texas.

    [sought from **William Nicholas Rand**]

5.  2007 Ford F350, VIN 1FTWW31P87EA62782.

    [sought from **Gregory Keith Rand**]

6.  2007 Mercedes S65, VIN WDDNG79X37A103756.

[sought from **William Nicholas Rand**]

7.    2007 Mercedes GL4, VIN 4JGBF71E57A129698.

[sought from **William Nicholas Rand**]

8.    2007 Mercedes GL4, VIN 4JGBF71E47A140806.

[sought from **William Nicholas Rand**]

9.    2004 Hummer HMCO, VIN 137FA90314E209913.

[sought from **William Nicholas Rand**]

10.    2000 Prevost Motorhome, VIN 2PCM33499X1026906.

[sought from **William Nicholas Rand**]

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the above-referenced property subject to forfeiture, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other

property which cannot be subdivided without difficulty, it is the intent of the United

States of America to seek forfeiture of any other property of the defendants up to the value

of the above-described property subject to forfeiture.

A TRUE BILL

_____

FOREPERSON

JAMES T. JACKS
ACTING UNITED STATES ATTORNEY

CHRISTOPHER STOKES
Assistant United States Attorney
Texas State Bar No. 19267600
1100 Commerce Street, Third Floor
Dallas, TX 75242-1699
Telephone: 214.659.8600
Facsimile:  214.767.4100
christopher.stokes@usdoj.gov

RHONDA K. ROGERS
Special Assistant United States Attorney

SEALED

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY - 6 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

GREGORY KEITH RAND (1)
WILLIAM NICHOLAS RAND (2)
MARK ALBERT RAND (3)
WILLIAM ANTHONY RAND (4)
JOEL WILLIAM PETERSEN (5)

**Filed Under Seal**

**18 U.S.C. § 371 [15 U.S.C. §§ 77q(a) and 77x, 18 U.S.C. §§ 1341 and 1343]**
**Conspiracy to Commit Securities Fraud, Mail Fraud, Wire Fraud**

**15 U.S.C. §§ 77q[a] and 77x; 18 U.S.C. § 2**
**Securities Fraud**

**18 U.S.C. §§ 1341, 2326, and 2**
**Mail Fraud**

**18 U.S.C. §§ 1341 and 2**
**Mail Fraud**
**Aiding and Abetting**

**18 U.S.C. §§ 1343 and 2**
**Wire Fraud**

**18 U.S.C. §§1956(a)(1)(B)(i) and 2**
**Money Laundering**

**18 U.S.C. §1957 and 2**
**Engaging in Illegal Monetary Transactions**

**18 U.S.C. §981(a)(1)(C) and 28 U.S.C. § 2461(c);**
**18 U.S.C. § 982(a)(2)(A); 18 U.S.C. § 982(a)(8); 18 U.S.C. § 982(a)(1)**
**Forfeiture Allegation**

38 Counts

A true bill rendered

------------------------------------------------------------------------------------------

DALLAS                                                                    FOREPERSON

Filed in open court this _6_ day of _____May_____, 2009.

------------------------------------------------------------------------------------------
                                                                              Clerk

**WARRANT TO ISSUE FOR GREGORY KEITH RAND (1), WILLIAM
NICHOLAS RAND (2), MARK ALBERT RAND (3),
WILLIAM ANTHONY RAND (4), JOEL WILLIAM PETERSEN (5)
Filed Under Seal**

------------------------------------------------------------------------------------------

UNITED STATES ~~DISTRICT~~/MAGISTRATE JUDGE
No Criminal Complaint Pending
**Filed Under Seal**

3:09-CR-120-P

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

Related Case Information

Superseding Indictment: ☐ Yes ☒ No    New Defendant: ☒ Yes ☐ No

Pending CR Case in NDTX: ☐ Yes ☒ No    If Yes, number:

Search Warrant Case Number _____

R 20 from District of _____

Magistrate Case Number: _____

1.  **Defendant Information**

ORIG

Juvenile: ☐ Yes ☒ No

If Yes, Matter to be sealed:

☒ Yes  ☐ No

Defendant Name    **Gregory Keith Rand (01)**

Alias Name    _____

Address    _____

RECEIVED

MAY – 6 2009

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

County in which offense was committed:    Dallas

2.  **U.S. Attorney Information**

Christopher Stokes    Bar #  19276700

3.  **Interpreter**

☐ Yes  ☒ No    If Yes, list language and/or dialect: _____

4.  **Location Status**

☐  Already in Federal Custody
☐  Already in State Custody
☐  On Pretrial Release
**\* WARRANT TO ISSUE\***

5.  **U.S.C. Citations**

Total # of Counts as to This Defendant:    36    ☐ Petty  ☐ Misdemeanor  ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 371 [15 U.S.C.§§ 77q(a) and 77x, 18 U.S.C.§§ 1341 and 1343 | Conspiracy to Commit Securities Fraud, Mail Fraud, Wire Fraud | 1 |
| 15 U.S.C. §§ 77q[a] and 77x; 18 U.S.C. § 2 | Securities Fraud | 2 |
| 18 U.S.C. §§ 1341, 2326, and 2 | Mail Fraud | 3-11 |
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud Aiding and Abetting | 12 |

| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | 13-25 |
| 18 U.S.C. §§1956(a)(1)(B)(i) and 2 | Money Laundering | 26-33 |
| 18 U.S.C. §1957 and 2 | Engaging in Illegal Monetary Transactions | 35-36 |
| 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); 18 U.S.C. § 982(a)(8); 18 U.S.C. § 982(a)(1) | Forfeiture Allegation | 38 |

Date ___5-5-09___

Signature of AUSA: _____

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

ORIGINAL

**Related Case Information**

Superseding Indictment: ☐ Yes ☒ No    New Defendant: ☒ Yes ☐ No

Pending CR Case in NDTX: ☐ Yes ☒ No    If Yes, number: _____

Search Warrant Case Number _____

R 20 from District of _____

Magistrate Case Number: _____

RECEIVED

MAY – 6 2009

CLERK, U.S. DISTRICT
NORTHERN DI

1.    **Defendant Information**

Juvenile: ☐ Yes ☒ No

If Yes, Matter to be sealed:

☒ Yes ☐ No

Defendant Name    **William Nicholas Rand (02)**

Alias Name    _____

Address    _____

County in which offense was committed:    _____    Dallas    _____

2.    **U.S. Attorney Information**

Christopher Stokes    Bar #  19276700  _____

3.    **Interpreter**

☐ Yes ☒ No    If Yes, list language and/or dialect: _____

4.    **Location Status**

☐    Already in Federal Custody
☐    Already in State Custody
☐    On Pretrial Release
**\* WARRANT TO ISSUE\***

5.    **U.S.C. Citations**

Total # of Counts as to This Defendant:    35    ☐ Petty    ☐ Misdemeanor    ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 371 [15 U.S.C.§§ 77q(a) and 77x, 18 U.S.C.§§ 1341 and 1343 | Conspiracy to Commit Securities Fraud, Mail Fraud, Wire Fraud | 1 |
| 15 U.S.C. §§ 77q[a] and 77x; 18 U.S.C. § 2 | Securities Fraud | 2 |
| 18 U.S.C. §§ 1341, 2326, and 2 | Mail Fraud | 3-11 |
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud Aiding and Abetting | 12 |

18 U.S.C. §§ 1343 and 2                 Wire Fraud                                    13-25

18 U.S.C. §§1956(a)(1)(B)(i) and 2      Money Laundering                             26-33

18 U.S.C. §1957 and 2                   Engaging in Illegal Monetary Transactions    37

18 U.S.C. §981(a)(1)(C) and 28          Forfeiture Allegation                        38
U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A);
18 U.S.C. § 982(a)(8); 18 U.S.C. § 982(a)(1)


Date    5-5-09                          Signature of AUSA:

**3-09 CR 120-P**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | Related Case Information |
|---|---|

Superseding Indictment: ☐ Yes ☒ No    New Defendant: ☒ Yes ☐ No

Pending CR Case in NDTX: ☐ Yes ☒ No  If Yes, number: _____

Search Warrant Case Number _____

R 20 from District of _____

Magistrate Case Number: _____

1.    **Defendant Information**

Juvenile: ☐ Yes ☒ No

If Yes, Matter to be sealed:

☒ Yes  ☐ No

Defendant Name    **Mark Albert Rand (03)**

Alias Name    _____

Address    _____

RECEIVED
MAY – 6 2009
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

County in which offense was committed:    _____ Dallas _____

2.    **U.S. Attorney Information**

Christopher Stokes    Bar #  19276700

3.    **Interpreter**

☐ Yes  ☒ No    If Yes, list language and/or dialect: _____

4.    **Location Status**

☐ Already in Federal Custody
☐ Already in State Custody
☐ On Pretrial Release
**\* WARRANT TO ISSUE\***

5.    **U.S.C. Citations**

Total # of Counts as to This Defendant:    35    ☐ Petty  ☐ Misdemeanor  ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 371 [15 U.S.C.§§ 77q(a) and 77x, 18 U.S.C.§§ 1341 and 1343 | Conspiracy to Commit Securities Fraud, Mail Fraud, Wire Fraud | 1 |
| 15 U.S.C. §§ 77q[a] and 77x; 18 U.S.C. § 2 | Securities Fraud | 2 |
| 18 U.S.C. §§ 1341, 2326, and 2 | Mail Fraud | 3-11 |
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud Aiding and Abetting | 12 |

18 U.S.C. §§ 1343 and 2              Wire Fraud                              13-25

18 U.S.C. §§1956(a)(1)(B)(i) and 2    Money Laundering                       26-33

18 U.S.C. §1957 and 2                Engaging in Illegal Monetary Transactions    34

18 U.S.C. §981(a)(1)(C) and 28       Forfeiture Allegation                      38
U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A);
18 U.S.C. § 982(a)(8); 18 U.S.C. § 982(a)(1)

Date _____        Signature of AUSA: _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

ORIGINAL SEALED

**Related Case Information**

Superseding Indictment: ☐ Yes ☒ No    New Defendant: ☒ Yes ☐ No

Pending CR Case in NDTX: ☐ Yes ☒ No   If Yes, number: _____

Search Warrant Case Number _____

R 20 from District of _____

Magistrate Case Number: _____

1. **Defendant Information**

   Juvenile: ☐ Yes ☒ No

   If Yes, Matter to be sealed:

   ☒ Yes   ☐ No

   Defendant Name    **William Anthony Rand(04)**

   Alias Name _____

   Address _____

   County in which offense was committed: _____ Dallas

   RECEIVED
   MAY - 6 2009
   CLERK, U.S. DISTRICT COURT
   NORTHERN DISTRICT OF TEXAS

2. **U.S. Attorney Information**

   Christopher Stokes          Bar # 19276700

3. **Interpreter**

   ☐ Yes   ☒ No   If Yes, list language and/or dialect: _____

4. **Location Status**

   ☐ Already in Federal Custody
   ☐ Already in State Custody
   ☐ On Pretrial Release
   **\* WARRANT TO ISSUE\***

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant:   34    ☐ Petty   ☐ Misdemeanor   ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 371 [15 U.S.C.§§ 77q(a) and 77x, 18 U.S.C.§§ 1341 and 1343 | Conspiracy to Commit Securities Fraud, Mail Fraud, Wire Fraud | 1 |
| 15 U.S.C. §§ 77q[a] and 77x; 18 U.S.C. § 2 | Securities Fraud | 2 |
| 18 U.S.C. §§ 1341, 2326, and 2 | Mail Fraud | 3-11 |
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud Aiding and Abetting | 12 |

18 U.S.C. §§ 1343 and 2          Wire Fraud          13-25

18 U.S.C. §§1956(a)(1)(B)(i) and 2          Money Laundering          26-33

18 U.S.C. §981(a)(1)(C) and 28          Forfeiture Allegation          38
U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A);
18 U.S.C. § 982(a)(8); 18 U.S.C. § 982(a)(1)

Date _____5-5-09_____          Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| Related Case Information |
|---|
| Superseding Indictment: ☐ Yes ☒ No    New Defendant: ☒ Yes ☐ No |
| Pending CR Case in NDTX: ☐ Yes ☒ No   If Yes, number: _____ |
| Search Warrant Case Number _____ |
| R 20 from District of _____ |
| Magistrate Case Number: _____ |

1. **Defendant Information**

   Juvenile: ☐ Yes ☒ No

   If Yes, Matter to be sealed:

   ☒ Yes  ☐ No

   **RECEIVED**

   **MAY – 6 2009**

   CLERK, U.S. DISTRICT COURT
   NORTHERN DISTRICT OF TEXAS

   Defendant Name    **Joel William Petersen(05)**

   Alias Name  _____

   Address  _____

   County in which offense was committed:  _____  Dallas  _____

2. **U.S. Attorney Information**

   Christopher Stokes    Bar #  19276700

3. **Interpreter**

   ☐ Yes  ☒ No    If Yes, list language and/or dialect: _____

4. **Location Status**

   ☐ Already in Federal Custody
   ☐ Already in State Custody
   ☐ On Pretrial Release
   **\* WARRANT TO ISSUE\***

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant:  34    ☐ Petty  ☐ Misdemeanor  ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 371 [15 U.S.C.§§ 77q(a) and 77x, 18 U.S.C.§§ 1341 and 1343 | Conspiracy to Commit Securities Fraud, Mail Fraud, Wire Fraud | 1 |
| 15 U.S.C. §§ 77q[a] and 77x; 18 U.S.C. § 2 | Securities Fraud | 2 |
| 18 U.S.C. §§ 1341, 2326, and 2 | Mail Fraud | 3-11 |
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud Aiding and Abetting | 12 |

| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | 13-25 |
| 18 U.S.C. §§1956(a)(1)(B)(i) and 2 | Money Laundering | 26-33 |
| 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); 18 U.S.C. § 982(a)(8); 18 U.S.C. § 982(a)(1) | Forfeiture Allegation | 38 |

Date ___5-5-c9___          Signature of AUSA: _____

**Initial Criminal Case Assignment (Random)**

**Case 3:09-cr-00120 has been randomly assigned to:**
**presiding Judge Jorge A Solis from deck DAL - Criminal - Jud**
**referral Judge Paul D Stickney from deck DAL - Criminal - Mag**

**Assign another case (Random)?**

**Process Assignment Labels**